IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

NATHANIEL BALDWIN, et al., PLAINTIFFS

V. CIVIL ACTION NO. 2:03CV391-NBB-SAA

GLAD PROPERTIES, L.L.C., d/b/a ULTIMATE CAR WASH, DEFENDANT

## REPORT AND RECOMMENDATION

Before the court is defendant's motion for dismissal of the above-styled case and for sanctions, which the Senior Judge referred to the undersigned on January 18, 2005. Defendant moves alternatively for a continuance of the trial, and plaintiffs' motion for continuance also remains pending. Defendant propounded discovery requests to plaintiffs on June 10, 2004, but received no responses. The court granted defendant's motion to compel and gave plaintiff until September 17, 2004, to respond to the discovery requests. Despite plaintiffs' counsel's assurances to defendant's counsel that responses would be forthcoming, albeit only by September 24, plaintiffs never served any responses, and defendant moved to dismiss on October 6, 2004. Plaintiffs moved separately for a continuance of the trial and case management order deadlines on October 4, 2004, on the ground that plaintiffs' counsel had been ill for three (3) months and had not been able to participate in discovery.[1] Plaintiffs have yet to respond to the discovery requests, and they have not filed a brief in response to defendant's motion to dismiss.

Dismissal of claims pursuant to FED. R. CIV. P. 37 is generally considered overly severe absent a "clear record of delay or contumacious conduct by the plaintiff," and "when the blame

---

[1] Plaintiffs' motion was not placed in the court's jacket file until after defendant's motion to dismiss, a fact which has no bearing on the court's ruling on either motion.

for disregard of the court's order lies with the attorney, not the client, dismissal is usually too severe a sanction." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987) (citations omitted). Because plaintiffs' counsel represents to the court that he bears responsibility for the delay, the undersigned is not inclined to recommend dismissal at this point and recommends that the defendant's motion to dismiss be denied. However, a separate order shall enter this day continuing the trial and directing plaintiffs to respond to the outstanding discovery requests or risk immediate sanctions, including dismissal of their claims with prejudice. Plaintiffs shall also pay defendants' expenses, including attorneys' fees, incurred in filing the original motion to compel and the instant motion to dismiss.[2]

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 20th day of January 2005.

                                        /s/ S. Allan Alexander
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The court already awarded defendant the costs and expenses associated with its motion to compel, but defendant's counsel represents that plaintiffs have yet to comply with the order.